SUMMARY ORDER
Zhung Yu Gao, through counsel, petitions for review of the BIA’s denial of his motion to reopen his removal proceedings. We assume the parties’ familiarity with the underlying facts and procedural history.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Id. (quoting Ke Zhen Zhao v. DOJ, 265 F.3d 83, 93 (2d Cir.2001)).
The regulations provide, in pertinent part, that “[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.” 8 C.F.R. § 1003.2(c)(1); Kaur, 413 F.3d at 234. In addition, the motion should be denied unless the alien can “establish prima facie eligibility for asylum, i.e., ‘a realistic chance’ that he will be able to establish eligibility.” Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir.2005).
The BIA did not abuse its discretion in denying Gao’s motion to reopen on the ground that Gao failed to establish a prima facie case of eligibility for relief because the evidence he submitted with his motion was inadequate to overcome the adverse credibility determination on which the IJ’s denial of relief was based. If credited, the new evidence would not resolve the inconsistencies between Gao’s asylum application and hearing testimony. Therefore, the BIA did not abuse its discretion when it denied Gao’s motion to reopen based on his ineligibility for the requested relief.
For the foregoing reasons, Gao’s petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is *165 DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).